## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

SHRAVAN KUMAR KONDAPALLY,

        Plaintiff,

        v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, *et al.*,

        Defendants.

Civil Action No. 20-00920 (BAH)

Chief Judge Beryl A. Howell

---

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks a preliminary injunction, under Federal Rule of Civil Procedure 65, or relief under 5 U.S.C. § 705, reversing the decision of defendant U.S. Citizenship and Immigration Services ("USCIS") to deny his Application for Employment Authorization (Form I-765) and approving his employment authorization during the pendency of this action.  Upon consideration of plaintiff's Opposed Motion for Relief Pending Review Pursuant to 5 U.S.C. § 705 or, in the Alternative, a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 ("Pl.'s Mot."), ECF No. 13, the memoranda submitted in support and opposition, and the entirety of the underlying record, plaintiff's motion is **DENIED** for the reasons set forth below.

## I.     BACKGROUND

### A.     Statutory and Regulatory Background

The Immigration and Nationality Act ("INA") creates a three-step process for noncitizens to obtain permanent employment in the United States in certain professional or skilled occupations.  First, the employer applies for a labor certification from the U.S. Department of Labor confirming that "there are not sufficient workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place

where the alien is to perform such skilled or unskilled labor, and the employment of such alien

will not adversely affect the wages and working conditions of workers in the United States

similarly employed."  8 U.S.C. § 1182(a)(5)(A)(i)(I)-(II).  Second, once the Department of Labor

grants certification, the employer submits the certification with an Immigrant Petition for Alien

Worker (Form I-140) to USCIS on behalf of the noncitizen worker, known as the "beneficiary"

to the petition.  8 C.F.R. § 204.5(l)(1); *see also* 8 U.S.C. § 1153(b)(3)(C).

Lastly, upon USCIS's approval of the I-140 petition, the beneficiary may apply for lawful

permanent resident status by submitting an Application to Register Permanent Residence or

Adjust Status (Form I-485).  *See* 8 U.S.C. § 1255(a).  USCIS cannot approve the I-485

application unless it also approves the underlying I-140 petition.  *See id.* (noting that a status

adjustment may only be granted if "the alien is eligible to receive an immigrant visa").  Under

USCIS regulations, a noncitizen worker seeking to become a lawful permanent resident must

have a valid offer of employment when the I-485 is filed and adjudicated.  8 C.F.R. § 245.25(a).

A noncitizen worker filing a standalone employment-based I-485 application with a pending or

approved I-140 may be required to establish that the original offer of employment detailed in the

I-140 is continuing or to confirm the existence of a new bona fide job offer under the INA's

portability provision, 8 U.S.C. § 1154(j).  8 C.F.R. § 245.25(a).  This information is provided

through Supplement J to Form I-485 ("Supplement J").

During the pendency of the I-485 application, USCIS regulations allow the noncitizen

worker to file an Application for Employment Authorization (Form I-765).  8 C.F.R.

§ 274a.12(c)(9).  The approval of an I-765 application is committed to "the discretion of

USCIS," *id.* § 274a.13(a)(1), and is mentioned nowhere in the INA.  "[N]o appeal" is available

to challenge the denial of an I-765 application.  *Id.* § 274a.13(c).  If the application is granted,

2

the noncitizen worker is issued a Form I-766 employment authorization document ("EAD"), which is valid for a "specific period of time," *id.* § 274a.13(b), and ordinarily terminates at the end of that period, *id.* § 274a.14(a)(1)(i).  If the noncitizen worker submits an application to renew the EAD before its expiration, the validity period of the initial authorization is automatically extended for 180 days or until the renewal application is denied, whichever is earlier.  *See id.* § 274a.13(d)(1), (3).  USCIS may also revoke an EAD before its expiration date if the I-485 application on which it is based is denied.  *See id.* § 274a.14(b)(1)(i).

**B.    Factual Background**

In 2006, plaintiff's then-employer filed a Form I-140, premised on a granted labor certification, on his behalf, which USCIS approved on September 14, 2006.  Am. Compl. ¶¶ 30–31, ECF No. 14; *see also* Defs.' Mem. Opp'n Pl.'s Mot. Prelim. Inj. ("Defs.' Opp'n") at 4, ECF No. 15.  After the I-140 petition was approved, plaintiff filed an I-485 application to become a lawful permanent resident.  Am. Compl. ¶ 32.  On August 8, 2019, he filed a Supplement J, requesting portability of his I-485 application to a new job, under 8 U.S.C. § 1154(j) and 8 C.F.R. § 245.25, which was approved.  Am. Compl. ¶¶ 5–6; *id.*, Ex. C at 1, Notice of Action, I-485 J–Confirmation of Bona Fide Job Offer or Request for Job Portability INA Sec. 204(j) (Oct. 23, 2019), ECF No. 14-4.  Plaintiff has also periodically applied for, and received, employment authorizations through successful I-765 petitions.  Defs.' Opp'n at 4.  His most recent employment authorization allowed plaintiff to work in the United States until March 5, 2020.  Am. Compl., Ex. J at 3, Approval Notice, I-765–Application for Employment Authorization (Mar. 6, 2019), ECF No. 14-11.  On November 7, 2019, plaintiff filed a new Form I-765 seeking to renew his employment authorization, Am. Compl. ¶ 34, which triggered an automatic

extension of his employment authorization until September 1, 2020 or the denial of his

November 7 application, *see* 8 C.F.R. § 274a.13(d)(1), (3).

Several days later, on November 12, 2019, USCIS revoked its prior approval of the I-140

submitted by plaintiff's former employer in 2006.  Defs.' Opp'n, Ex. 2 at 1, 8, Notice of

Revocation of Immigration Petition (Nov. 12, 2019), ECF No. 15-1.  Plaintiff filed an

administrative motion to reopen and reconsider the revocation of the petition on December 11,

2019, Am. Compl. ¶ 36; *id.*, Ex. H, 1-290B, Notice of Appeal or Motion (Dec. 11, 2019), ECF

No. 14-10, which was denied on April 17, 2020, Defs.' Opp'n, Ex. 3 at 1, Decision Re: 1-290B,

Notice of Appeal or Motion (Apr. 17, 2020), ECF No. 15-1.  Plaintiff filed an administrative

appeal of the revocation on April 29, 2020, which is still pending.  Am. Compl. ¶ 45.

On March 10, 2020, in light of the revocation of the I-140 petition, USCIS denied

plaintiff's I-485 application and Supplement J, on the grounds that, without a valid I-140 visa

petition, plaintiff was no longer eligible to receive a visa.  Am. Compl. ¶¶ 37–39; *id.*, Ex. D at 1–

2, Decision Re: I-485, Application to Register Permanent Residence or Adjust Status (Mar. 10,

2020), ECF No. 14-5.  On March 19, 2020, plaintiff "notified [d]efendants . . . that the I-765

Application was approvable pursuant to 8 C.F.R. § 274a.12(c)," Am. Compl. at 35 ¶ 156,[1] which

regulation allows USCIS "in its discretion" to "establish a validity period for an employment

authorization document, which may include any period when an administrative appeal or judicial

review of an application or petition is pending," 8 C.F.R. § 274a.12(c).  Plaintiff contended that

his pending motion to reopen and reconsider the revocation of the I-140 petition qualified his I-

765 application for treatment under this regulation.  Am. Compl. at 35 ¶ 156.  Plaintiff filed an

---

[1]       The numbering of paragraphs in plaintiff's amended complaint restarts from 150 at Count V.  *See* Am.
Compl. at 34.  To avoid confusion, the Court cites to the page and paragraph number when referring to paragraphs in
the amended complaint whose numbers are duplicated.

administrative motion to reopen or reconsider the denial of the I-485 petition on April 8, 2020. Am. Compl. ¶ 105.

On April 28, 2020, USCIS denied plaintiff's November 7, 2019 I-765 application because he no longer had a pending I-485 petition, a prerequisite for work authorization. Defs.' Opp'n, Ex. 4 at 1, Decision Re: I-765, Application for Employment Authorization (Apr. 28, 2020), ECF No. 15-1. Plaintiff refiled his Form I-765 on May 8, 2020, supplying evidence of ongoing administrative and judicial review, Am Compl. ¶ 109; *id.*, Ex. K at 1, Receipt Notice for Form I-765, Application for Employment Authorization, ECF No. 14-12; Pl.'s Mem. P. & A. Supp. Opposed Mot. Relief Pending Review Pursuant to 5 U.S.C. § 705 or, in the Alternative, Prelim. Inj. Pursuant to Fed. R. Civ. P. 65 ("Pl.'s Mem.") at 2, ECF No. 13-1. On May 26, 2020, USCIS reopened plaintiff's I-485 application and Supplement J on its own initiative, but did not reopen his I-765 application of November 7, 2019. *See* Defs.' Opp'n, Ex. 5, Notice of Action, Reopen Notice (May 26, 2020), ECF No. 15-1. USCIS confirmed, via email on July 20, 2020, that the I-765 had been denied on April 28, 2020 and was not being readjudicated. Am. Compl. ¶ 5; *id.*, Ex. L, Service Request Placed Online via USCIS.gov with Email Reply (July 20, 2020), ECF No. 14-13. On August 19, 2020, one day after plaintiff filed the instant motion, USCIS again denied plaintiff's I-485 application and Supplement J, and also denied his May 8, 2020 I-765 application and his April 8 motion to reopen or reconsider. *See* Defs.' Opp'n, Ex. 6, Decision Re: I-485, Application to Register Permanent Residence or Adjust Status (Aug. 19, 2020), ECF No. 15-1; *id.*, Ex. 7, Decision Re: I-765, Application for Employment Authorization (Aug. 19, 2020), ECF No. 15-1; *id.*, Ex. 8, Decision Re: I-290B, Notice of Appeal or Motion (Aug. 19, 2020), ECF No. 15-1; *id.*, Ex. 9, Decision Re: I-485, Supplement J (Aug. 19, 2020), ECF No. 15-1. The next day, on August 21, 2020, plaintiff filed an administrative motion to

reopen and reconsider the August 19 decision.  Pl.'s Reply Defs.' Mem. Opp'n Pl.'s Mot. Relief

Pending Review Pursuant to 5 U.S.C. § 705 or, in the Alternative, a Prelim. Inj. Pursuant to Fed.

R. Civ. P. 65 ("Pl.'s Reply"), Ex. A, Form I-290B, Motion to Reopen and Motion to Reconsider

August 19, 2020 Denial of I-485 Application of Plaintiff (Aug. 21, 2020) with Confirmation of

Delivery with U.S. Citizenship and Immigration Services (Aug. 24, 2020), ECF No. 16-2.

### C.    Procedural Background

On April 7, 2020, plaintiff initiated this litigation challenging the denial of his

Supplement J and the invalidation of the labor certification application submitted by his former

employer.  *See* Compl., ECF No. 1.  He filed an amended complaint on August 18, 2020,

asserting new claims challenging the invalidation of the I-140 petition (Count I), Am. Compl.

¶¶ 118–37, and the denial of his November 7, 2019 I-765 application (Count V), *id.* at 34–35

¶¶ 150–61, and seeking to compel adjudication of his May 8, 2020 I-765 application (Count VI),

*id.* at 36–37 ¶¶ 162–75.  Simultaneous with the amendment of his complaint, plaintiff filed the

instant Motion for Relief Pending Review Pursuant to 5 U.S.C. § 705 or, in the Alternative, a

Preliminary Injunction Pursuant to Fed. R. Civ. P. 65.  Pl.'s Mot.  In this pending motion, he

requests, based on Count V of his amended complaint, that the Court delay the effective date of

USCIS's April 28, 2020 denial of his November 7, 2019 I-765 application and deem the

requested authorization approved during the pendency of this case, retroactive to May 26, 2020.

Pl.'s Proposed Order, ECF No. 13-2.

## II.    LEGAL STANDARD

A preliminary injunction "is a stopgap measure, generally limited as to time, and

intended to maintain a status quo or 'to preserve the relative positions of the parties until a trial

on the merits can be held.'"  *Sherley v. Sebelius*, 689 F.3d 776, 781–82 (D.C. Cir. 2012) (quoting

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).  The moving party must establish that (1)

they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the

absence of preliminary relief"; (3) "the balance of equities" is in their "favor"; and (4) "an

injunction is in the public interest."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *see

also League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016); *Pursuing

Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016).  The first factor is also the "most

important factor."  *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014).  A preliminary

injunction "is an extraordinary . . . remedy, one that should not be granted unless the movant, by

a clear showing, carries the burden of persuasion" on each of the four factors.  *Mazurek v.

Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis omitted) (quoting 11A C. WRIGHT,

A. MILLER, & M. KANE, FED. PRAC. & PROC. § 2948 (2d ed. 1995)).

  Section 705 of the Administrative Procedure Act ("APA") authorizes "the reviewing

court" to "postpone the effective date of an agency action or to preserve status or rights pending"

judicial review "to the extent necessary to prevent irreparable injury."  5 U.S.C. § 705.  The

factors governing issuance of a preliminary injunction also govern issuance of relief under § 705.

*See Cuomo v. U.S. Nuclear Reg. Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985); *see also District

of Columbia v. U.S. Dep't of Agric.*, 444 F. Supp. 3d 1, 15 (D.D.C. 2020).

## III. DISCUSSION

  Plaintiff moves for injunctive relief, under Rule 65 or 5 U.S.C. § 705, that would

"postpone[]" "[t]he effectiveness of USCIS's April 28, 2020 decision denying [his] I-765

Application" and approve his employment authorization "during the pendency of this action."

Pl.'s Proposed Order.  Plaintiff's EAD was originally scheduled to expire on March 5, 2020.

Am. Compl., Ex. J at 3.  As noted above, his November 7, 2019 I-765 application to renew

7

employment authorization was filed before March 5, 2020, so his employment authorization was automatically extended for either 180 days (until September 1, 2020) or until USCIS denied the new I-765, whichever came first.  8 C.F.R. § 274a.13(d)(1), (3).  Plaintiff's employment authorization thus expired on April 28, 2020, when USCIS denied his I-765 application, and he is currently not authorized to work in the United States.

Plaintiff now requests an order both reversing USCIS's denial of his I-765 and approving his employment authorization.  He therefore does not seek relief to maintain the status quo, the typical function of a preliminary injunction, *see Sherley*, 689 F.3d at 781; *City of Moundridge v. Exxon Mobil Corp.*, 429 F. Supp. 2d 117, 126 (D.D.C. 2006) ("A motion for a preliminary injunction generally seeks to maintain the status quo[.]"), but instead requests a mandatory injunction to compel the final relief he seeks in Count V of his amended complaint.  Mandatory injunctions that "would change the status quo" are disfavored as "an even more extraordinary remedy" than the typical preliminary injunction, *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), "especially when directed at the United States Government," *Sierra Club v. Johnson*, 374 F. Supp. 2d 30, 33 (D.D.C. 2005); *see also Mylan Pharms., Inc. v. Shalala*, 81 F. Supp. 2d 30, 36 (D.D.C. 2000) ("In this Circuit, 'the power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised.'") (quoting *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969)).  "Plaintiffs seeking this type of relief . . . face 'an additional hurdle' when proving their entitlement to relief," *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 901 F. Supp. 2d 54, 56–57 (D.D.C. 2012) (quoting *King v. Leavitt*, 475 F. Supp. 2d 67, 71 (D.D.C. 2007)), and courts "exercise extreme caution in assessing" such motions, *id.* at 57.  Indeed, "[a]s a rule, '[w]hen a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and law clearly

favor the moving party.'" *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi Ltd.*, 15 F. Supp. 2d 1, 4 (D.D.C. 1997) (second alteration in original) (emphasis omitted) (quoting *Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997)).

Applying this heightened standard, plaintiff has not demonstrated his entitlement to the extraordinary relief of a mandatory injunction because he has not shown a clear likelihood of success on the merits. Count V, the claim on which his request for relief is premised, challenges the April 28, 2020 denial of his November 7, 2019 Form I-765. Am. Compl. at 34–35 ¶¶ 150–61. Plaintiff argues that this denial was "arbitrary and capricious because he is eligible for approval of the EAD Card for use while he continues challenging the denial and revocation of his immigration benefits administratively and before this Court," and he made defendants aware of 8 C.F.R. § 274a.12(c) (the provision that allows for employment authorization during the pendency of review proceedings), but defendants "ignored" the regulation "as though they had amended 8 C.F.R. § 274a.12(c) to remove the provision at issue." Pl.'s Reply at 16, ECF No. 16. Indeed, USCIS's April 28, 2020 decision denying plaintiff's I-765 application makes no reference to the relevant provision of 8 C.F.R. § 274a.12(c). *See* Defs.' Opp'n, Ex. 4. This omission is the only specific point plaintiff offers to show that the denial of the I-765 application was arbitrary and capricious, but even if he proffered more detailed reasoning, he would be unable to demonstrate the requisite likelihood of success on the merits of Count V because employment authorization for noncitizen workers is committed to the discretion of USCIS and therefore unreviewable under the APA.

Plaintiff brings his challenge to the April 28, 2020 denial under section 706(2) of the APA, which allows a court to set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review

under the APA is not available, however, where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2); *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2567 (2019); *Oryszak v. Sullivan*, 576 F.3d 522, 525 (D.C. Cir. 2009) ("Because the APA does not apply to agency action committed to agency discretion by law, a plaintiff who challenges such an action cannot state a claim under the APA."). Agency action is committed to agency discretion by law "where the relevant statute [or regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," *Dep't of Commerce*, 139 S. Ct. at 2568 (quoting *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 139 S. Ct. 361, 370 (2018)), and there is consequently no "law to apply," *Heckler v. Chaney*, 470 U.S. 821, 834 (1983); *see also Make The Road N.Y. v. Wolf*, 962 F.3d 612, 631 (D.C. Cir. 2020).

To determine whether this narrow exception, *see Wolf*, 962 F.3d at 631, applies, courts conduct a "careful examination of the statute on which the claim of agency illegality is based" to assess the scope of the discretion Congress has conferred on the agency, *Webster v. Doe*, 486 U.S. 592, 600 (1988). Aside from banning the "hir[ing] . . . for employment in the United States an alien knowing the alien is an unauthorized alien," 8 U.S.C. § 1324a(a)(1)(A), and an oblique reference to aliens "authorized to be . . employed . . . by this chapter or by the Attorney General," *id.* § 1324a(h)(3), Congress has neither directly addressed nor mandated the issuance of employment authorization documents to noncitizen workers. Rather, employment authorization for aliens is "purely [a] creature[] of regulation." *Perales v. Casillas*, 903 F.2d 1043, 1048 (5th Cir. 1990). Statutory law therefore does not provide a standard to apply to plaintiff's challenge.

Judicially manageable standards supporting review also "may be found in formal and informal policy statements and regulations," *Physicians for Soc. Resp. v. Wheeler*, 956 F.3d 634,

643 (D.C. Cir. 2020) (quoting *Steenholdt v. FAA*, 314 F.3d 633, 638 (D.C. Cir. 2003)), because "[i]t is well settled that an agency, even one that enjoys broad discretion, must adhere to voluntarily adopted, binding policies that limit its discretion," *Padula v. Webster*, 822 F.2d 97, 100 (D.C. Cir. 1987) (citing *Vitarelli v. Seaton*, 359 U.S. 535, 539 (1959)).  In this case, the underlying regulations do not set out any such standards.  As a noncitizen seeking work authorization during the pendency of an I-485 application, 8 C.F.R. § 274a.12(c)(9), plaintiff is a member of a class of noncitizen workers who "must apply for work authorization," in contrast to noncitizens who are entitled to authorization by law, *id.* § 274a.12(c).  Under the regulations, approval or denial of his application, pursuant to 8 C.F.R. § 274a.12(c)(9), is "within the discretion of USCIS," 8 C.F.R. § 274a.13(a)(1), without any textual limitation on that discretion. The regulations do not enumerate any standards by which a court may assess the merits of a denial of an I-765 application.  *Cf. Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1398 (D.C. Cir. 1995) (finding judicially manageable standards in a statute stating that an agency "may excuse a failure to file . . . if it finds it to be in the interest of justice").[2]

Further, the specific regulatory provision to which plaintiff points similarly does not list any standards by which a court could measure the sufficiency of the validity period, and in fact expressly reserves those determinations for USCIS.  8 C.F.R. § 274a.12(c) (allowing for USCIS "*in its discretion*, [to] establish a specific validity period for an employment authorization document, which *may* include any period when an administrative appeal or judicial review of an application or petition is pending" (emphasis added)).  Consequently, courts have held that

---

[2]    *Kucana v. Holder*, 558 U.S. 233 (2010), on which plaintiff relies, Pl.'s Reply at 2, held only that 8 U.S.C. § 1252(a)(2)(B)(ii)'s proscription of judicial review is limited to determinations made discretionary by statute and does not prevent courts from reviewing agency decisions "made discretionary by the Attorney General only," 558 U.S. at 253.  The case does not expand courts' ability to review under the APA decisions committed to agency discretion by law.

approving or denying the I-765 application, establishing the length of the EAD period, and deciding whether to extend the EAD period to encompass the pendency of any review are decisions committed to USCIS's discretion and outside the purview of judicial review.  *See, e.g., Guevara v. Holder*, 649 F.3d 1086, 1092 (9th Cir. 2011) ("[T]he authorization for . . . employment [under 8 C.F.R. § 274a.12(c)(9)] is not mandated."); *Suarez v. Cowan*, No. 1:19-CV-124, 2019 WL 7494391, at *6 (S.D. Tex. Oct. 29, 2019), *report and recommendation adopted*, No. 1:19-CV-124, 2020 WL 80641 (S.D. Tex. Jan. 7, 2020) ("[Plaintiff] asserts that this Court can review the denial of her I-765 application, i.e. her employment authorization application, pursuant to the Administrative Procedure[] Act.  Despite her argument to the contrary, the APA bars review of this claim."); *Villafranca v. Cowan,* No. B-18-39, 2018 WL 8665002, at *9 (S.D. Tex. July 3, 2018) ("USCIS has unfettered discretion to grant or deny EADs to aliens who have filed a petition to become a legal permanent resident."); *Rosario v. U.S. Citizenship & Immigr. Servs.*, No. C15-0813JLR, 2017 WL 3034447, at *2 (W.D. Wash. July 18, 2017) ("[T]he regulations have conferred discretion on USCIS to approve or deny EAD applications unless they are filed by an applicant for asylum."); *Kaddoura v. Gonzales*, No. C06-1402RSL, 2007 WL 1521218, at *5 (W.D. Wash. May 21, 2007) ("[T]his Court lacks authority to grant an order compelling USCIS to grant plaintiff an EAD valid . . . until he has exhausted administrative and judicial review of the denial of his . . . adjustment of status application because USCIS retains discretionary authority over issuance of EADs.").

Plaintiff also offers a second theory, that, when USCIS reopened his Form I-485 on its own motion, the agency violated the APA by failing to simultaneously reopen, readjudicate, and reverse the denial of his I-765 application.  Am. Compl. at 35 ¶ 160; Pl.'s Mem. at 7–8.  This theory fails because it presents a challenge to agency inaction, not a final agency action.  Section

706(1) of the APA allows courts to compel "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  The Supreme Court has limited the reach of this provision by holding that courts may only compel an agency to take a "discrete agency action that . . . it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted). As a result, Section 706(1)'s reach is limited to "action legally required" of the agency. *Id.* at 63 (emphasis omitted).  To fit within this category, a "legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'" *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018) (quoting *S. Utah Wilderness All.*, 542 U.S. at 63–64).  Plaintiff does not contend that any statute or regulation specifically and unequivocally required USCIS to reopen his I-765 application when it reopened his I-485 application.  Nor could he, as "there are no statutes regulating employment authorization" for noncitizen workers, *Perales*, 903 F.2d at 1049, and the relevant regulations vest decisions about employment authorization in "the discretion of USCIS," 8 C.F.R. § 274a.13(a)(1).  Thus, plaintiff is not likely to prevail on Count V in his amended complaint under either theory presented and does not meet the extremely high standard for a mandatory preliminary injunction.

The same analysis applies to plaintiff's request for relief under 5 U.S.C. § 705. Additionally, even if plaintiff showed a likelihood of success on the merits of Count V, the Court cannot compel approval of plaintiff's employment authorization under section 705.  That section authorizes a reviewing court only "to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."  5 U.S.C. § 705.  Thus, "the scope of relief available to" plaintiff under section 705 "is limited to (1) a postponement of the agency action or (2) a preservation of . . . status or rights." *Salt Pond Assocs. v. U.S. Army Corps. of Eng'rs*, 815 F. Supp. 766, 776 (D. Del. 1993).  Section 705 does not empower the

Court to affirmatively approve plaintiff's employment authorization, as he requests.  *See* Pl.'s Proposed Order.[3]  Although USCIS's April 28, 2020 decision could be postponed under section 705 if plaintiff were able to satisfy the four factors described above, such an order would not provide plaintiff with relief because, in the absence of USCIS's denial, plaintiff's current employment authorization would expire on September 1, 2020, 180 days after the expiration date stated in his EAD.  *See* 8 C.F.R. § 274a.13(d)(3).

Finally, even if plaintiff had shown a likelihood of success on the merits of his claim that USCIS arbitrarily and capriciously denied his I-765 application or failed to reopen his I-765 application, the error would be harmless, and could not support relief.  As of August 19, 2020, USCIS has again denied plaintiff's I-485 application.  *See* Defs.' Opp'n, Ex. 6.  Plaintiff therefore currently lacks any basis on which to claim eligibility for or entitlement to an employment authorization, because "a pending I-485 application is required for approval of his I-765 application."  *Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 134 (D.D.C. 2012); *see also* 8 U.S.C. § 1255(a); 8 C.F.R. § 274a.12(c)(9).  Unless and until plaintiff's August 21 motion to reopen or reconsider USCIS's August 19 determination is granted, he does not have a pending I-485 application.  *See* 8 C.F.R. § 103.5(a)(1)(iv) ("Unless the Service directs otherwise, the filing of a motion to reopen or reconsider . . . does not stay the execution of any decision in a case.").  Any grant of his I-765 application would now be subject to revocation.  *See* 8 C.F.R. § 274a.14(b)(1)(i).

---

[3]     Plaintiff contends that "[t]he equitable authority of the courts preserved by 5 U.S.C. § 705 does allow for granting . . . a mandatory injunction," Pl.'s Reply at 9, but cites cases in support of this proposition that did not actually assess the availability of mandatory injunctions under 5 U.S.C. § 705.  *See Dallas Safari Club v. Bernhardt*, No. 19-cv-03696 (APM), 2020 WL 1809181, at *3 (D.D.C. Apr. 9, 2020); *Confederated Tribes of Chehalis Rsrv. v. Mnuchin*, Nos. 20-cv-01002 (APM), 20-cv-01059 (APM), 20-cv-01070 (APM), 2020 WL 1984297, at *6–7, *16 (D.D.C. Apr. 27, 2020); *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 6 (D.D.C. 2015).

For all of these reasons, plaintiff has failed to meet his burden of demonstrating that he is likely to succeed on the merits of Count V of his amended complaint, and his request for a preliminary injunction or relief under 5 U.S.C. § 705 must be denied.

## IV.    ORDER

For the foregoing reasons, the denial of plaintiff's I-765 application for employment authorization is committed to the discretion of USCIS by law and USCIS's failure to reopen the I-765 application when it reopened plaintiff's I-485 application is an agency inaction unreviewable under the APA.  Plaintiff has therefore failed to demonstrate that he is likely to succeed on the merits of Count V of his amended complaint.  Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion for Relief Pending Review Pursuant to 5 U.S.C. § 705 or, in the Alternative, a Preliminary Injunction Pursuant to Fed. R. Civ. P. 65, ECF No. 13, is **DENIED.**

**SO ORDERED.**

Date: August 27, 2020

_____
BERYL A. HOWELL
Chief Judge